UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY RODRIGUES and | * | |
| MARIA RODRIGUES, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11455-IT |
| | * | |
| JOHN DOE 1, JOHN DOE 2, and | * | |
| THE HOME DEPOT, INC., | * | |
| | * | |
| Defendants. | * | |

Memorandum and Order
October 30, 2020

TALWANI, D.J.

Pending before the court is Plaintiffs Anthony and Maria Rodrigues' Motion to Remand [#14] based on lack of subject matter jurisdiction. For the reasons that follow, the motion is allowed and the court orders Defendant The Home Depot, Inc.[1] ("Home Depot") to pay Plaintiffs $2,500 in fees.

I. Background

On July 10, 2020, Plaintiffs filed suit in the Massachusetts Superior Court for Plymouth County. Complaint ¶¶ 3-5 [#1-1]. Plaintiffs allege that Mr. Rodrigues was injured when two Home Depot employees dropped lumber from a truck, hitting Mr. Rodrigues. Id. ¶¶ 18, 21-22. The Complaint asserts claims of negligence, negligent infliction of emotional distress, and loss of consortium against Home Depot and the two Home Depot employees, sued as John Doe 1 and John Doe 2 (and referred to here as the "Doe Employees"). Id. ¶¶ 3-5 and Counts I-III.

---

[1] Defendant states that it is "properly named Home Depot U.S.A., Inc." Notice of Removal [#1].

On August 3, 2020, Home Depot removed the case to this court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Notice of Removal ¶ 10 [#1]. Home Depot stated that "Plaintiffs are residents of Norwell, MA" and "Home Depot is a foreign corporation with a principal place of business in Atlanta." Id. ¶¶ 7-8. Home Depot made no mention of the citizenship of the Doe Employees.

Home Depot subsequently disclosed that the Doe Employees are residents of Massachusetts. Mot. to Remand 2, 5 [#14].

II.     Remand

"The statutory grant of federal jurisdiction in diversity cases…requires complete diversity between the plaintiffs and defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008). Home Depot does not dispute that the Doe Employees are residents of Massachusetts, as are Plaintiffs. Home Depot contends, however, that the court must examine Plaintiffs' motives for suing the Doe Employees. Opp. 4 [#15]. Home Depot argues that because Plaintiffs have not alleged that the Doe Employees were acting outside the scope of their employment, Home Depot would ultimately be held vicariously liable for any negligence under the doctrine of respondeat superior. Id. at 4-5. Home Depot concludes that the court should therefore disregard the Doe Employees when determining subject matter jurisdiction. Id.

Home Depot misapprehends the doctrine of respondeat superior. While the doctrine provides "that an employer, or master, should be held vicariously liable for the torts of its employee, or servant, committed within the scope of employment," Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 319–20 (2002), the doctrine does not absolve employees of liability.[2] Where Plaintiffs have chosen to bring facially valid claims against the Doe Employees,

---

[2] Massachusetts law provides for joint and several liability where multiple tortfeasors caused a

2

the court may not disregard their citizenship. Home Depot offers no authority to the contrary.[3] As there is no dispute that the Doe Employees are Massachusetts residents, Plaintiffs and Defendants are not completely diverse, and this court lacks diversity jurisdiction to hear the case. Remand is required.

III. Attorneys' Fees

Plaintiffs also seek $2,500 in attorneys' fees and costs associated with Home Depot's removal of this action. Motion to Remand 4-7 [#14].

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The primary object of a fee award in this context is justice, with an eye toward the deterrence of "removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. at 138, 140.

Plaintiffs contend that Home Depot knew or should have known that there was not complete diversity at the time of removal because the unidentified Doe Defendants are Home Depot's employees. Motion to Remand 6, 6 n.1 [#14]; see also Complaint ¶¶ 4-5 [#1-1] (alleging that John Doe 1 and John Doe 2 are Home Depot employees). Home Depot does not dispute that it knew or should have known that the Doe Employees were Massachusetts residents at the time

---

plaintiff's injury. See Mitchell v. Hastings & Koch Enterprises, Inc., 38 Mass. App. Ct. 271, 281 (1995).

[3] Home Depot offers JMTR Enterprises, L.L.C. v. Duchin, 42 F.Supp.2d 67 (D. Mass. 1999) for the proposition that the court must "examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction." Opposition 4 [#15]. Here, however, there is no assignment at issue.

of removal. Given this knowledge, and the absence of legal authority offered by Home Depot to support its removal theory, the court finds that Home Depot lacked an objectively reasonable basis for seeking removal.

Plaintiffs contend that they raised the question of the Doe Employees' residence in a phone call with defense counsel on August 6, 2020, three days after the case was removed, and that Defense counsel declined to provide the information. Id. at 4. In the Joint Scheduling Conference Statement [#9], filed on September 11, 2020, Plaintiffs "alert[ed] the Court that a motion to remand to state court may be forthcoming" because they believed that "at least one of the John Doe Defendants resides in Massachusetts," which would destroy complete diversity. Id. at 1, n.1. During the September 17, 2020 scheduling conference, the court explicitly directed Home Depot's counsel to include in Home Depot's initial disclosures the Doe Employees' states of residence so that the question of subject matter jurisdiction could be addressed by the court. Plaintiffs say (and Home Depot does not dispute) that, nonetheless, Home Depot did not include that information in the initial disclosures exchanged on October 15, 2020, and that Plaintiffs' counsel was obliged to contact defense counsel again to obtain the information. Motion to Remand 5 [#14].

Home Depot does not dispute that $2,500 in fees sought by Plaintiffs were incurred as a result of the removal, but argues that fees should not be imposed because Home Depot "has legitimate reasons for maintaining the privacy of its employees and meritorious grounds for shielding them" from Plaintiffs' claims. Opp. 5 [#15]. But an interest in maintaining employees' privacy or shielding them from claims does not justify failing to disclose those employees' citizenship in the Notice of Removal [#1] filed with the court.

Home Depot argues further that "[t]o suggest that a party risk the imposition of sanctions because it vigorously defends a lawsuit – as is its right – is inconsistent and not in keeping with the spirit of the Federal Rules or with the United States Constitution." Opp. 6 [#15]. This argument would have more traction if Home Depot had vigorously defended the lawsuit by presenting its subject matter jurisdiction argument through substantial legal arguments to the court rather than by hiding its employees' citizenship from Plaintiffs' counsel and the court. In light of Home Depot's objectively unreasonable removal and the obfuscation of information critical to the determination of subject matter jurisdiction, the court finds an award of fees just and awards Plaintiffs' fees in the requested amount of $2,500.

IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand [#14] is GRANTED and Plaintiffs are awarded $2,500 for attorneys' fees incurred as a result of the removal. This case will be remanded to the Massachusetts Superior Court for Plymouth County.[4]

IT IS SO ORDERED.

Date:   October 30, 2020                                      /s/ Indira Talwani
                                                              United States District Judge

---

[4] The court retains jurisdiction over any failure to pay the fees ordered by the court.